IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DAVID LEE LOUGHERY and**
**PAM LOUGHERY, husband and wife,**
      **Plaintiffs,**

**v.**               Civil Action No.: 1:07cv128

**TOMPKINS INDUSTRIES, INC.,**
**RUSKIN COMPANY, and**
**RUSKIN SERVICE COMPANY,**
      **Defendants.**

## OPINION/ORDER

This matter is before the Court pursuant to "Defendants' Motion to Compel Discovery Responses from Plaintiffs " [DE 21]. This matter was referred to the undersigned by United States District Judge Irene M. Keeley on March 6, 2008 [DE 21]. No response to the motion has been filed, and the time for filing of responses has passed.

Plaintiffs filed their Complaint in Harrison County Circuit Court on August 17, 2007. Defendants removed the case to this Court on September 19, 2007. Defendants filed their Answer to the Complaint on September 19, 2007. The Court entered its First Order and Notice Regarding Discovery and Scheduling on September 26, 2007 [Docket Entry 10]. The parties filed their Report of Rule 26(f) Planning Meeting on November 30, 2007 [Docket Entry 12]. The Court held a Scheduling Conference on December 13, 2007, and entered a Scheduling Order on December 19, 2007 [Docket Entry 16].

According to Defendants' Motion to Compel and the Docket sheet in this matter, Defendant Tompkins served its "First Request for Admission to Plaintiffs;" Defendant Ruskin served its "First Set of Interrogatories, Requests for Production of Documents and Request for Admission to

Plaintiffs;" and Defendant Ruskin Service Company served its "First Request for Admission to Plaintiffs," all on January 7, 2008. Pursuant to Fed. R. Civ. P. 33, Plaintiffs were required to serve their answers and any objections to the Interrogatories within 30 days after being served with the Interrogatories. Any ground for objection not stated in a timely objection is waived unless the court, for good cause, excuses the failure. Pursuant to Fed. R. Civ. P. 34, Plaintiffs were also required to serve their responses to the Request for Production of Documents within 30 days after being served. Pursuant to Fed. R. Civ. P. 36, for Requests for Admission, "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Plaintiffs' responses to all of Defendants' discovery requests were therefore due, at the latest, on or before February 11, 2008. According to Defendants' Motion to Compel and the docket sheet in this matter as it exists on March 25, 2008, no responses were filed to any of the discovery requests.

Defendants filed their Motion to Compel on March 4, 2008 [Docket Entry 21]. A Response to the Motion was due, at the latest, on or before March 21, 2008. As of March 25, 2008, no response to the Motion to Compel has been filed..

The Court therefore **GRANTS** "Defendants' Motion to Compel Discovery Responses from Plaintiffs" [Docket Entry 21]. Plaintiffs shall serve their responses to the outstanding discovery requests on or before April 8, 2008. The Court further finds that Plaintiffs have **WAIVED** any objections to the discovery requests unless, by April 8, 2008, they can show good cause why any such objections should not be deemed waived.

Pursuant to F.R. Civ. P. 37(a)(5)(A), Defendants may file and serve, on or before April 11, 2008, a statement of fees and costs necessitated by the filing of the Motion to Compel. If Defendants file such a statement of fees and costs, Plaintiffs shall file and serve any objection thereto on or

before April 18, 2008.  Should both a request for costs and fees and an objection thereto be filed, the Court will schedule a hearing in order that the parties may be heard on the issue.

The Clerk is directed to send copies of this Order to all counsel of record.

It is so **ORDERED**.

Dated: March 26,  2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE